# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 8462 | **DATE** | 4/5/2002 |
| **CASE TITLE** | Fuchsen vs. The Prudential Insurance | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Order. For the reasons set forth in the Memorandum Opinion and Order, the Court denies defendant's motion to dismiss (6-1). Defendant is ordered to answer the complaint on or before 4/19/02.

(11) ■ [For further detail see order attached to the original minute order.]

| ✓ | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | APR 17 2002 | |
| | Notified counsel by telephone. | | date docketed | 14 |
| | Docketing to mail notices. | | IS | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| OR | courtroom deputy's initials | 02 APR 16 PM 4:52 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JUDITH FUCHSEN, Executor )
of the Estate of Albert Fuchsen, )
)
Plaintiff, )
)
vs. ) Case No. 01 C 8462
)
THE PRUDENTIAL INSURANCE )
COMPANY OF AMERICA, )
)
Defendant. )

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

In July 1980, Albert Fuchsen purchased a life insurance policy from defendant Prudential Insurance Company. The policy required Albert[1] to make annual premium payments. For eighteen years, he received an annual notice from Prudential that the premium was due, and he made all the necessary payments. In 1999, however, Albert did not receive a premium notice, and he failed to pay the annual premium. Albert died in October 2000. Judith Fuchsen, his widow, informed Prudential of Albert's death, but Prudential refused to pay the benefit due under the policy, saying that it had lapsed for nonpayment of the premium. Judith then brought suit against Prudential to recover the benefits under the policy. This case is before the Court on Prudential's motion to dismiss Fuchsen's complaint. For the reasons stated below, the Court denies the motion to dismiss.

---

[1] To avoid confusion, we will call each of the Fuchsens by their first names.

**Facts**

Because Prudential has moved to dismiss the complaint for failure to state a claim, we take the complaint's factual allegations as true and draw reasonable inferences in plaintiff's favor. *See, e.g., Bontkowski v. First National Bank of Cicero*, 998 F.2d 459, 461 (7th Cir. 1993).

On July 16, 1980, Albert purchased from Prudential a life insurance policy which provided for a $100,000 death benefit. The policy provided that he was to pay an annual premium each July. The policy said nothing about Prudential sending invoices to Albert, and it was likewise silent on how, if at all, Albert was to advise Prudential of any change of address.

At the time Albert purchased the policy, the Fuchsens lived at 737 S. Spring, Roselle, Illinois 60172. Beginning in 1980, Prudential annually mailed to Albert at that address a premium due notice, thirty days before the due date, stating the amount of premium due. Am. Compl. ¶4. In 1988, the Fuchsens moved to 343 E. Montrose Ave., Wood Dale, Illinois. After Albert informed Prudential of the new address, Prudential began to mail the premium due notices to that address. Each year, Albert relied on the premium due notice and paid the premium after receiving the notice. Am. Compl. ¶¶ 5-12, 14-22.

In June 1998, Prudential mailed the premium due notice to Albert at the Wood Dale address. The Fuchsens, however, had moved again. The notice was forwarded by the Postal Service to their new address, 320 N. York Road, Elmhurst, Illinois 60126. On July 14, 1998, Judith paid the premium on Albert's behalf with a check which displayed an address of P.O. Box 449, Elmhurst, Illinois 60126. Along with her check, Judith enclosed the stub from the premium due notice and wrote on it their new address. Am. Compl. ¶23. The payment stub, however, did not include a space for listing a change of address, and the complaint does not allege what, if

2

anything, Prudential did with the information that it received from Judith.

In June 1999, Prudential again sent the premium due notice to the Fuchsens' prior address in Wood Dale. The forwarding order that the Fuchsens had given the Postal Service had expired, so the notice was not forwarded to their Elmhurst address but instead was returned to Prudential. The Fuchsens did not pay the July 1999 premium; they allege that this happened because they did not receive the regular premium notice on which they had come to rely over the eighteen previous years. Am. Compl. ¶27. They likewise did not receive the June 2000 Premium Due Notice and did not pay the July 2000 premium.

Albert died in October 2000. Judith informed Prudential of Albert's death and sought payment of the death benefit under the life insurance policy. Prudential refused to honor the policy, stating that it had lapsed for nonpayment of premiums.

## Discussion

Prudential has moved to dismiss the amended complaint for failure to state a claim upon which relief may be granted. The Court can grant such a motion only "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which entitles him to relief." *Conley v. Gibson*, 355 U.S. 41, 45 (1957).

Judith contends that Prudential waived the forfeiture of the life insurance policy for nonpayment of premiums by failing to mail a premium due notice to the Fuchsens' correct address after doing so for eighteen years and after being advised of their change of address. The Seventh Circuit has noted that in Illinois, "'forfeiture of an insurance contract for nonpayment of premium is not favored in the law, and courts are prompt to seize upon circumstances which indicate waiver of forfeiture.'" *Clarin Corp. v. Massachusetts General Life Insurance Co.*, 44

3

F.3d 471, 474 (7th Cir. 1994) (quoting *Cullota v. Kemper Corp.*, 78 Ill. 2d 25, 33, 397 N.E.2d 1372, 1376 (1979)). The Seventh Circuit added that "'even in doubtful cases, courts should be quick to find facts supporting coverage.'" *Id.* at 474 (quoting *Bellmer v. Charter Security Life Insurance Co.*, 140 Ill. App. 3d 752, 755, 488 N.E.2d 1338, 1340 (1986)). The Illinois Supreme Court has noted "the importance of insurance protection to the well-being of the citizens of this State" and has said that "where ... justice between the parties allows, contracts of insurance will be deemed in force." *Van Hulle v. State Farm Insurance Co.*, 44 Ill. 2d 227, 254 N.E.2d 457, 232 (1970). Though the court was speaking of automobile insurance, its reasoning is equally applicable to life insurance, which provides family members of a deceased person with economic support and, at least in some cases, prevents them from becoming destitute.

Under Illinois law, an insurance policy may provide that the policy will lapse due to nonpayment of premiums. *See Kahn v. Continental Casualty Co.*, 391 Ill. 445, 452, 63 N.E.2d 468, 471 (1945). However, the issue of waiver of such a forfeiture based on the insurer's non-compliance with a custom of mailing premium due notices to the insured has not been addressed by the Illinois courts. Consequently, the Court looks to other jurisdictions for aid in determining how the Illinois Supreme Court would resolve the issue. In *Aldrich v. Guiffrida*, No. 82-650, 1983 U.S. Dist. LEXIS 18271 (N.D. Oh. Mar. 25, 1983), the plaintiffs bought flood insurance from the defendant. They made a claim on the policy but were told that it had lapsed due to their nonpayment of the premium. The court concurred with the plaintiff's position that "if an insurer has a practice of notifying its insured when payment is due and the insured has come to rely on this practice, then the insurer may be barred from invoking a forfeiture clause for failure of the insured to make timely payment." *Id.* at *3. The court denied the insurer's motion for summary

4

judgment, finding that "factual questions do exist regarding the issues of whether defendant had a practice of notifying its insured when a payment is due and whether plaintiffs specifically relied upon this practice in failing to make their renewal payment." *Id.* In a similar case in New Jersey, the court acknowledged that "the majority rule is that an insurer's custom of giving regular notices of the time for payment of premiums constitutes a waiver or estoppel on the insurer." *Carfagnini v. Service Life Insurance Co.*, 274 A.2d 303, 305 (N.J. Super. App. Div. 1971). In *Carfagnini*, the plaintiff claimed that he had relied upon the insurer's customary mailing of premium due notices when making premium payments. The court denied the defendant's motion for summary judgment, stating that the plaintiff's "contention that his failure to pay the last premium flowed directly from his failure to receive the regular premium notice on which he had come to rely over the years is a colorable one." *Id.* at 305.

The Court finds these decisions persuasive and believes they would be followed by the Illinois Supreme Court, particularly in view of that court's expressed willingness to avoid forfeitures of insurance policies.

It remains to be seen whether Judith can take advantage of the waiver/estoppel rule discussed in *Aldrich* and *Carfagnini*. The circumstances underlying the Fuchsen's claimed reliance on Prudential's practice of sending premium notices, the reasonableness of that reliance (in light of, among other things, notations on the reverse side of the notice stating that the premium was due even if no premium notice was received), the reasonableness of their attempt to advise Prudential of their new address, and other issues bearing on the waiver/estoppel question have not been developed at this early stage of the case. At this point, however, we cannot say that Judith will be unable to prove facts giving her a right to recover, and for that

5

reason we must deny Prudential's motion to dismiss.

## Conclusion

For the reasons stated above, the Court denies defendant's motion to dismiss [docket item 6-1]. Defendant is ordered to answer the complaint on or before April 19, 2002.

						/s/ Matthew F. Kennelly
						MATTHEW F. KENNELLY
						United States District Judge

Date: April 5, 2002